Fuld, J. (dissenting).
I would affirm the Appellate Division judgments in their entirety.
It seems to me that Plessinger’s failure to obtain insurance is entirely irrelevant to a consideration of the defendant Hole’s liability and that, therefore, the trial court was correct in excluding evidence offered by that defendant as to this fact. The lease between Plessinger and Hole, it is true, contained a provision to the effect that Plessinger “ agrees to see that proper insurance is carried to free Lessor [Hole] of * * * public liability ”, but that did not constitute a limitation on the permission given Plessinger to use the vehicle. When Hole, as owner of the vehicle, leased it to Plessinger for an indefinite period, he granted the latter unqualified permission and authority to drive it. Plessinger’s agreement to procure insurance was no more a limitation on that permission or authority than was his further agreement—contained in the very same paragraph of the lease — “to comply with ICC rules and regulations and [to take] all responsibility for same.” A breach by Plessinger of either undertaking would undoubtedly entitle Hole to hold him for damages thereby suffered or incurred, but, certainly, it did not render conditional the permission which had been granted, or cancel out the authorization given, by the lease.
The policy embodied in section 388 (formerly § 59) of our Vehicle and Traffic Law is obvious: the public is to be protected against the financially irresponsible driver by imposing liability on the owner who has permitted another to use his vehicle. The statute, in other words, shifts the risk of loss due to injury at the hands of a financially irresponsible driver from the innocent victim to the owner.
The court’s holding strikes at the very fundament of our statute and points the way to easy evasion of the owner’s responsibility and liability for injuries resulting from negligent operation of his motor vehicle. The decision means that any owner can avoid the risk imposed upon him by statute by merely entering into a contract providing that the operator of his vehicle assume responsibility for its operation and carry insurance for that purpose. If the operator fulfills his contract and carries insurance, the owner is protected against loss and the public is as well. If, however, the operator fails to fulfill his contract — as is suggested in this case by the questioning—the *464 majority of this court would render the owner immune from liability and let the burden of loss fall on the innocent injured party.
By mistakenly treating a contractual promise to obtain insurance as a condition of, or a limitation upon, the owner’s grant of permission to use his vehicle, the majority would, in effect, shift the burden of financial responsibility from the owner of a motor vehicle, where the Legislature placed it, to the innocent victim, whom the Legislature sought to protect. This result comports neither with the legislative design nor with sound public policy and, this being so, the trial court was correct in refusing to hear evidence that Plessinger had failed to fulfill his contractual obligation to procure insurance.
As to the appeals by the plaintiffs from the judgments in favor of Biggs, I need merely say that I agree with the Appellate Division’s dismissal of the complaints against that defendant for the reasons given in its opinion.
Each of the judgments appealed from should be affirmed.
Opinion by Judge Burke in which Judges Dye, Froessel and Foster concur; and in which Chief Judge Desmond concurs as to defendant Harvey B. Hole but concurs in the result only in a separate opinion as to defendant Riggs Dairy Express, Inc.; and in which Judge Van Voorhis concurs as to defendant Harvey B. Hole but dissents and votes to affirm the dismissal of the complaint as against defendant Riggs Dairy Express, Inc.; Judge Fuld dissents and votes to affirm the judgments in their entirety in an opinion.
Judgments reversed, etc.
Pages 465-704 are blank.